JOHN GUERRIERO v. JOSEPH A. GALASSO ET AL.

ROBERT MURKETT v. JOSEPH A. GALASSO ET AL.

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued October 4—decided November 19, 1957

*Alfred L. Finkelstein,* with whom was *Pasquale Palumbo,* for the appellant (defendant Cappelletti) in the first case, and with whom, on the brief, was *Carmine G. Cipriano,* corporation counsel, for the appellants (named defendant et al.) in the first case.

*William K. Lawlor,* for the appellant (defendant Fabiani) in the second case, with whom, on the brief, were *Carmine G. Cipriano,* corporation counsel, and *Clarence Balanda,* assistant corporation counsel, for the appellants (named defendant et al.) in the second case.

*F. Patrick Zailckas,* for the appellee (plaintiff) in each case.

KING, J. Antonetta Cappelletti and Maurice Fabiani each owned a lot on Jersey Street in Waterbury in a B residence zone. The lots were about 1000 feet apart. Both owners desired to put their lots to business uses, probably as sites for retail stores, and each separately applied to the zoning authority of Waterbury for a change of zone to busi-

ness 1. The changes were granted for identical reasons. The plaintiffs Guerriero and Murkett, owners of residential property in the B residence zone, appeared before the zoning authority in opposition to the granting of the Cappelletti and Fabiani applications, respectively, and thereafter took appeals to the Court of Common Pleas from the action of the zoning authority. The court sustained the appeals. In each case, the defendants have appealed from the judgment. While certain assignments of error in the Murkett case involve procedural questions not raised in the Guerriero case, both appeals may be considered together.

It is admitted in the pleadings that the board of aldermen of Waterbury, which consists of fifteen members, ex officio constitutes the authority, sometimes referred to as the zoning commission, authorized to establish and change zones and that it acts on recommendation of a standing committee comprised of five of its members. It is in effect conceded by all parties that the applicable zoning regulations in Waterbury became effective January 1, 1954. Under these regulations, retail stores, among many other uses, are permitted in a business 1 zone but not in a B residence zone. Waterbury Bldg. Zone Regs., Art. 2, §§ 2, 4 (1954). It further appears from article 1, § 1, of the regulations that they were adopted under authority of the zoning law of the state as distinguished from any special act.

It is admitted in the pleadings that public hearings on the Cappelletti and Fabiani applications were held by the committee of the board of aldermen and that on December 5, 1955, the committee recommended the changes of zone requested. It is further admitted in the pleadings that the board of aldermen, on December 5, 1955, changed the zoning of

the Cappelletti and Fabiani lots to business 1.

In each case, the plaintiff's basic complaint is that the board of aldermen illegally indulged in spot zoning. The cases were tried on the same day in the Court of Common Pleas in the judicial district of Waterbury. The court did not find it necessary to pass on the question whether either change of zone, alone, could have been justified on the basis of the need for a convenient retail store in the residential neighborhood in question. It sustained the appeal in each case, stating: "[S]ince both petitions were granted [by the board of aldermen] at the same meeting . . . this Court cannot say which one might be valid and which one invalid. The two appeals rise or fall together. The action of the [board of aldermen] . . . constituted spot zoning, and its action was invalid."

Much identical language, including that quoted above, appeared in the memoranda of decision filed in the two cases on July 9, 1956. On August 3, 1956, in the Murkett case, the defendant Fabiani filed a "Plea to Jurisdiction" and a "Motion to Set Aside Judgment." In the "Plea to Jurisdiction" he claimed that under § 379d of the 1955 Cumulative Supplement (now Nov. 1955 Sup., § N11) the Court of Common Pleas in New Haven County had sole jurisdiction to try his appeal, that is, an appeal from a decision of a zoning commission in New Haven County, even though the city of Waterbury is within the general territorial jurisdiction of the Court of Common Pleas in the judicial district of Waterbury. In the "Motion to Set Aside Judgment" the same claim as to the court's jurisdiction was made, together with the claim that "the papers were never served on the Zoning Board [sic] of the City of Waterbury as required by the statute."

We do not consider whether the first claim has any possible merit. All the defendants in the Murkett case answered generally, and the case was tried through on the merits, no jurisdictional question having been raised. It was not until the filing of the plea and the motion, some three weeks after the judgment, that any question as to procedure was raised. Language in the case of *Fine* v. *Wencke*, 117 Conn. 683, 684, 169 A. 58, may be paraphrased aptly to apply to this situation: "By his general appearance the defendant submitted himself to the jurisdiction of the court. ... [The Court of Common Pleas] is one court throughout the State; if there was any defect in bringing the [appeal to the Court of Common Pleas in the judicial district of Waterbury instead of to the Court of Common Pleas in New Haven County] ... it went to venue and not jurisdiction; and, no claim of want of venue having been made at the trial, the question cannot now be raised. *Mower* v. *State Department of Health,* 108 Conn. 74, 77, 142 A. 473."

The claim as to the defect in service has, if anything, even less merit. The defendants in the Murkett case, in their answer, admitted the allegation in the complaint that the board of aldermen changed the zone and in a so-called special defense affirmatively alleged that the board had acted legally and properly in doing so. Obviously, if the claim as to the defect in service could successfully have been raised at all, it would have been by a plea in abatement seasonably filed in accordance with the provisions of Practice Book § 82. Regardless of the admission and special defense, the defendants, by filing their answer and going to trial on the merits, waived any such defect in service as this, which, at most, would result in a lack of in personam jurisdiction of the

zoning authority. *Samson* v. *Bergin,* 138 Conn. 306, 309, 84 A.2d 273.

We turn now to the basic merits of the two appeals. The issues are essentially the same, and one discussion will suffice. By two assignments of error in the Murkett case, it is claimed that the court erred in considering the appeals together, there being no legal evidence in the Murkett case of the zone change of the Cappelletti property and the appeal by Guerriero. It does not clearly appear from the finding in either appeal whether both appeals were actually heard simultaneously. It does, however, appear that they were heard on the same day. It is true that it would have been preferable for the court to have told counsel in each case of its intention to take judicial notice of the file in the other case and thus to have given counsel a full opportunity to be heard on the matter, in accordance with the rule of *Nichols* v. *Nichols,* 126 Conn. 614, 622, 13 A.2d 591. There is no question, however, as to the court's power, in a proper case, to take judicial notice of the file in another case in the same court, whether or not between the same parties. *Davis* v. *Maislen,* 116 Conn. 375, 384, 165 A. 451; *McCleave* v. *John J. Flanagan Co.,* 115 Conn. 36, 38, 160 A. 305. There is, and could be, no claim that the file in either case was inaccurate. Consequently, the course pursued could not constitute the reception of other than "legal evidence." These assignments of error are without merit.

As already pointed out, in neither appeal did the court decide whether the zone change therein, if considered alone, would be valid. On the contrary, it held that it was unnecessary to pass on that question since both zone changes were granted at the same time. Under the peculiar circumstances obtaining here, that was a proper course to take, as far as pro-

cedure was concerned, if we assume that the court was correct in holding that the board of aldermen could not legally grant the two changes of zone under the facts existing in these cases.

We are here concerned with an outright change of zone by the authority having the power to make such a change, as in cases such as *Miller* v. *Town Planning Commission,* 142 Conn. 265, 268, 113 A.2d 504. The plaintiffs in the Court of Common Pleas had the burden of proving that the board of aldermen, as the zoning authority, acted illegally in changing the zone of the lots to business 1. *Hills* v. *Zoning Commission,* 139 Conn. 603, 608, 96 A.2d 212.

Error is assigned in that the court failed to decide each case separately and upon its particular merits. The court held that the two changes could not be sustained and that they must be considered together since there was no way in which it legally could differentiate one case from the other under the limited power of review which it has under our law. In other words, the court was not in a position, as the zoning authority might well have been, to differentiate between the two applications. There is nothing in the finding which makes the holding of the court inappropriate.

The basic question to be determined by the court was whether the action of the board of aldermen in making each of the lots a separate business 1 zone constituted improper spot zoning. If it did, then it could not stand. Our definition of spot zoning, although not always phrased in identical language, has remained unchanged. Spot zoning has been defined as "a provision in a zoning plan, or a modification in such a plan, which affects only the use of a particular piece of property or a small group of adjoining properties and is not related to the general

plan for the community as a whole." *Eden* v. *Town Plan & Zoning Commission,* 139 Conn. 59, 63, 89 A.2d 746. In that case we also quoted with approval a definition of spot zoning as an "attempt to wrench a single small lot from its environment and give it a new rating that disturbs the tenor of the neighborhood." Other definitions to the same effect may be found in cases such as *Bartram* v. *Zoning Commission,* 136 Conn. 89, 93, 68 A.2d 308, and *Levinsky* v. *Zoning Commission,* 144 Conn. 117, 124, 127 A.2d 822; see *Zuckerman* v. *Board of Zoning Appeals,* 144 Conn. 160, 164, 128 A.2d 325.

It will be seen that two elements must coexist in order to constitute spot zoning in the sense of an illegal exercise of power on the part of the zoning authority. First, there must be a change of zone applicable only to a small area. Second, this change must be out of harmony with the comprehensive plan for the good of the community as a whole. *Levinsky* v. *Zoning Commission,* supra, 125. There can be no question that in each of the instant cases the first element was present. It remains to determine whether the second element was present. In this connection, it must not be overlooked that "[t]he zoning authority is endowed with a wide and liberal discretion. . . . 'The circumstances and conditions in matters of zone changes and regulations are peculiarly within the knowledge of the zoning commission. Where it appears that an honest judgment has been reasonably and fairly exercised after a full hearing, courts should be cautious about disturbing the decision of the local authority.' . . . 'Courts must not and legally cannot substitute their own discretion for the wide and liberal discretion enjoyed by zoning agencies.' " *Levinsky* v. *Zoning Commission,* supra.

In each of the instant cases, what was sought, and what was granted, was an outright change from a residence zone to a business 1 zone. The necessary effect of such a change was to make each lot available for any one or more of the many uses authorized in a business 1 zone. It cannot be said that the trial court erred in concluding, in each case, that the change of zone could not be considered in conformity with the comprehensive plan of zoning for the good of the community and therefore constituted spot zoning beyond the powers of the zoning authority. See *Zuckerman* v. *Board of Zoning Appeals,* supra.

The action of the court in sustaining the appeal in each case, instead of ordering a remand to the zoning authority with direction, was in conformity with our rule as stated in *Watson* v. *Howard,* 138 Conn. 464, 469, 86 A.2d 67.

There is no error on either appeal.

In this opinion the other judges concurred.