FRANCIS B. WOODFORD *v.* ZONING COMMISSION OF THE TOWN OF RIDGEFIELD ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued November 3—decided December 1, 1959

*John Keogh, Jr.,* with whom, on the brief, was *H. Murray Robinson,* for the appellants (defendants Durant et al.).

*W. Bradley Morehouse,* for the appellee (plaintiff).

KING, J. This is an appeal from the judgment of the Court of Common Pleas sustaining an appeal from the action of the zoning commission of Ridgefield in enlarging a business zone to include properties of the defendants Durant and Rogers at the southeast corner of Main and Governor Streets.

The zoning commission, as a collective body, gave no reason for its action. Under the provisions of § 8-3 of the General Statutes, the commission is required to "state upon its records" its reason for changing a zoning regulation or the boundaries of a zoning district. The statement should contain only such reasons as motivated the commission as a collective body. *Jack* v. *Torrant,* 136 Conn. 414, 420, 71 A.2d 705; *Thayer* v. *Board of Appeals,* 114 Conn. 15, 20, 157 A. 273; see *Strain* v. *Mims,* 123 Conn. 275, 281, 193 A. 754; 13 Am. Jur. 909, § 948; 19 C.J.S. 85. The vote of the commission may properly incorporate the statement of the reason or reasons for the change. A failure to comply with the statute interferes with a proper appellate review of the commission's action. See cases such as *Senior* v.

*Zoning Commission,* 146 Conn. 531, 533, 153 A.2d 415; *Leveille* v. *Zoning Board of Appeals,* 145 Conn. 468, 472, 144 A.2d 45. Such a failure does not, however, make the commission's action void. *Nielsen* v. *Board of Appeals on Zoning,* 129 Conn. 285, 287, 27 A.2d 392. The plaintiff, to prevail on his appeal to the Court of Common Pleas, still had the burden of proving that the commission acted illegally in making the change of zone, or so arbitrarily and unreasonably as to invalidate its action. *Mainolfi* v. *Zoning Board of Appeals,* 146 Conn. 634, 635, 153 A.2d 460, and cases cited.

The change, which was to be effective May 25, 1957, was from an R1 zone, the highest of the town's four residential zones, to a B1 zone, the highest of the nonresidential zones. Ridgefield Zoning Regs. § 1 (1950). The court took the view that the change constituted spot zoning in that it affected the use of only two pieces of property, adjoining each other, that it was not related to the comprehensive plan for the community as a whole, and that it was an attempt to wrench a small area of land from its environment and give it a new and lower rating. *Guerriero* v. *Galasso,* 144 Conn. 600, 606, 136 A.2d 497, and cases cited. It concluded that the action was illegal, arbitrary and an abuse of discretion.

It is true that a zoning commission is a local legislative body. *Kutcher* v. *Town Planning Commission,* 138 Conn. 705, 709, 88 A.2d 538. It is also true that the power of a court to disturb the decision of a zoning commission is limited. Ibid.; *Guerriero* v. *Galasso,* supra, 607. But a zoning commission is not wholly unfettered. When it makes a change of zone, its action must conform to the mandates of § 8-2 of the General Statutes. *Pecora* v. *Zoning Commission,* 145 Conn. 435, 440, 144 A.2d 48. One mandate is

that the establishment of zones must be "in accordance with a comprehensive plan." *State* v. *Huntington,* 145 Conn. 394, 399, 143 A.2d 444. While this does not put a zoning commission in a strait jacket with respect to minor details, it does require, as a minimum, that the regulations be in harmony with the comprehensive plan. *Pecora* v. *Zoning Commission,* supra, 442. In the present case, the comprehensive plan of zoning for Ridgefield was to be found in the scheme of the zoning regulations themselves. *Levinsky* v. *Zoning Commission,* 144 Conn. 117, 123, 127 A.2d 822; *Clark* v. *Town Council,* 145 Conn. 476, 486, 144 A.2d 327. There is nothing to suggest that the comprehensive plan envisioned the extension of the business zone, which already embraced the northeast corner of Main and Governor Streets, to the southeast corner. Furthermore, the change of zone, if allowed to stand, would throw open the affected property to any of the most objectionable uses permitted in a B1 zone, such, for instance, as a gasoline service station, an automotive garage, or a repair shop. Ridgefield Zoning Regs. § 7 (1950). While the affected properties in this case presently constitute a nonconforming use, that status would not necessarily continue forever. Id. § 10. Thus, if the zone were not changed, a goal of zoning, the elimination of nonconforming uses, might ultimately be achieved. *Farr* v. *Zoning Board of Appeals,* 139 Conn. 577, 587, 95 A.2d 792.

Although the exact area rezoned is not given, it is admittedly small. The mere fact that the commission acted to extend an existing business zone rather than to create a business zone in the midst of, and wholly surrounded by, a residential zone does not preclude the change from being invalid as, in effect, constituting spot zoning. *Miller* v. *Town Planning*

*Commission,* 142 Conn. 265, 270, 113 A.2d 504; see *Hills* v. *Zoning Commission,* 139 Conn. 603, 609, 96 A.2d 212.

As has been pointed out, the commission, as a collective body, gave no reason for the change of zone. We cannot find error in the decision of the trial court to sustain the appeal on the ground that the action of the commission was arbitrary and an abuse of discretion and was illegal as amounting to spot zoning. See *Guerriero* v. *Galasso,* 144 Conn. 600, 607, 136 A.2d 497, and cases cited. It is unnecessary to consider the plaintiff's further claim that procedural irregularities in the commission's conduct of its meetings invalidated its action.

There is no error.

In this opinion the other judges concurred.