EDWARD P. ZANDRI *v.* ZONING COMMISSION OF THE TOWN OF RIDGEFIELD ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued May 14—decided June 25, 1963

*John E. Dowling,* for the appellant (plaintiff).

*John V. Donnelly,* for the appellee (defendant Morganti).

*Romeo G. Petroni,* for the appellee (named defendant).

BALDWIN, C. J.  The plaintiff has appealed from a judgment of the Court of Common Pleas which sustained the action of the defendant zoning commission in amending the zoning regulations and zoning map of Ridgefield.

On November 7, 1960, the commission, having held a duly warned public hearing on September 19, 1960, amended the zoning regulations to provide for a new residence zone, R5, in which there would be permitted, besides the uses in residence R2 and R3 zones, highly restricted garden-type apartment buildings.  Ridgefield Zoning Regs. §§ 1, 10 (1961).  The commission adopted regulations which, among other restrictions for the apartment buildings, provided that not more than 25 percent of the land area should be occupied by buildings, they should be distant at least fifty feet from the street, thirty feet from the side-lot lines and forty feet from the rear-lot line, and no building should contain more than two habitable stories or have more than "fifteen

family units in respect of each acre of the land area." Ridgefield Zoning Regs. § 10 (B) (1961). Landscaping, subject to approval by the commission, was also required.

At the same meeting, the commission amended the zoning map to classify as R5 an area of seven and one-half acres, including the plaintiff's resi-, dential property. This area had been in a residence R1 zone since 1946, when the town was originally zoned and zoning regulations were established. There are two zone classifications in Ridgefield, residence RAAA and RAA, with more stringent restrictions than those imposed in an R1 zone. Ridgefield Zoning Regs. §§ 1, 3, 4 (1961). The new R5 zone appears, from the zoning map, to form the northern tip of what might be described as a peninsula of land zoned R1 and surrounded generally on three sides by lands zoned for business and industrial uses. The R5 zone is bounded on the north partly by land of the Connecticut Light and Power Company and partly by the boundary line of the village of Ridgefield, a separate municipal corporation within the town of Ridgefield; 18 Spec. Laws 573, § 4; on the east, by the village of Ridgefield boundary line; on the south, by Prospect Street; and on the west, by Grove Street. These streets are both public highways. Paul J. Morganti represented to the trial court that he owned a substantial part of the land in the R5 zone, and, upon motion, he was allowed to intervene as a party defendant.

The plaintiff contends that the action of the commission constitutes spot zoning in that the commission created a new zone classification which is applicable to only a small area and is out of harmony with the comprehensive plan adopted for the good of the community as a whole. See *DeMeo* v. *Zoning*

*Commission,* 148 Conn. 68, 73, 167 A.2d 454; *Guerriero* v. *Galasso,* 144 Conn. 600, 607, 136 A.2d 497. Spot zoning can be the result of an effort by a zoning authority to gratify the wishes of the owner or owners of a small area who wish to use it for a purpose not allowed in the existing zone. See *Vece* v. *Zoning & Planning Commission,* 148 Conn. 500, 503, 172 A.2d 619; *Zuckerman* v. *Board of Zoning Appeals,* 144 Conn. 160, 165, 128 A.2d 325. However, the controlling tests which the commission must apply are whether the good of the community as a whole is served by the change and whether the change falls within the requirements of the comprehensive plan for the use and development of property in the municipality or a large part of it. *DeMeo* v. *Zoning Commission,* supra; *Ball* v. *Town Plan & Zoning Commission,* 146 Conn. 397, 400, 151 A.2d 327; *Wade* v. *Town Plan & Zoning Commission,* 145 Conn. 592, 595, 145 A.2d 597; *Levinsky* v. *Zoning Commission,* 144 Conn. 117, 125, 127 A.2d 822.

The Ridgefield planning commission, at its regular meeting on June 4, 1959, approved, at Morganti's request, the establishment of areas in which garden-type apartments would be permitted and recommended to the zoning commission that such areas be incorporated in the plan of development for the town. This recommendation prompted the action taken by the zoning commission on November 7, 1960, after it had considered the matter at two previous meetings—on February 22 and 29, 1960. The comprehensive plan of zoning for Ridgefield is found in the scheme of the zoning regulations themselves. *Summ* v. *Zoning Commission,* 150 Conn. 79, 88, 186 A.2d 160; *Woodford* v. *Zoning Commission,* 147 Conn. 30, 33, 156 A.2d 470. The action taken by the zoning commission amounted, in effect, to a

logical development of the town's comprehensive plan. *Allin* v. *Zoning Commission,* 150 Conn. 129, 133, 186 A.2d 802; *DeMeo* v. *Zoning Commission,* supra; see *Kimball* v. *Court of Common Council,* 148 Conn. 97, 102, 167 A.2d 706. The commission, in its minutes, set forth its reasons for the change of zone, citing, inter alia, the need in the town for garden-type apartments, particularly for school teachers and single and elderly persons, and the suitability of the area, in view of its proximity to the center of the town, to existing schools and to other multifamily dwellings and business uses.

Whether the commission in this case should have amended the regulations to provide for this new type of residence zone and, having done so, should have classified in that zone the area here involved are fairly debatable questions which were within the province of the commission, acting in its legislative capacity, to resolve. *DeMeo* v. *Zoning Commission,* supra, 75; *Kutcher* v. *Town Planning Commission,* 138 Conn. 705, 709, 88 A.2d 538. The commission appears to have exercised its discretion fairly, with proper motives and for valid reasons. *DeMars* v. *Zoning Commission,* 142 Conn. 580, 583, 115 A.2d 653; *Mallory* v. *West Hartford,* 138 Conn. 497, 505, 86 A.2d 668. The trial court did not err in sustaining the action of the commission and in dismissing the appeal.

There is no error.

In this opinion the other judges concurred.