MISS PORTER'S SCHOOL, INC., ET AL. *v.* TOWN PLAN AND ZONING COMMISSION OF THE TOWN OF FARMINGTON ET AL.

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued January 9—decided February 25, 1964

*Colin C. Tait,* with whom, on the brief, were *Lucius F. Robinson, Jr.,* and *Bruce W. Manternach,* for the appellants (named plaintiff et al.).

*Wallace R. Burke,* with whom, on the brief, was *Maxwell Heiman,* for the appellees (defendants Rourke et al.).

*John Crosskey,* with whom, on the brief, was *Palmer S. McGee, Jr.,* for the appellee (named defendant).

MURPHY, J. The defendant Edmond Cadoux petitioned the Farmington town plan and zoning commission for a change of zone from R 12, a residence zone, to RA, a restricted apartment zone, to permit the erection of a fifteen-unit garden apartment on 2.1 acres of land owned by the defendant Catherine C. Rourke on Garden Street. After a public hearing at which some nearby property owners and other residents of the town opposed the petition, the commission granted the change of zone. The plaintiffs appealed to the Court of Common Pleas, which sustained the action of the commission, whereupon this appeal followed. Although the appellants do not include two of the original plaintiffs, who were found not to be aggrieved persons, we shall refer to the appellants as the plaintiffs.

The Farmington zoning regulations provide: *"Restricted Apartment* zones may be designated on the zoning map, and may also be established in any other zone by petition in accordance with the following procedure, and subject to the following limitations." Farmington Zoning Regs., art. 2, § 5 (1961). One of these limitations is: "No development plan shall be approved which is inconsistent with the

public welfare, or which impairs the integrity of this ordinance, or which does not fully safeguard the appropriate use of the land in the immediate neighborhood. No R A zone will be designated or approved unless there is clear evidence of safe and satisfactory means of providing water supply and sewerage disposal." Farmington Zoning Regs., art. 2, § 5(3) (1961). The regulations governing the designation of a restricted apartment zone contained many other limitations and requirements as to use, area, yards and courts, spaces between structures, building coverage, and building and dwelling size as well as special requirements for parking areas, access ways and sidewalks, and recreation and open space. The plaintiffs make no claim that the apartment plans submitted to the commission do not conform to the requirements of the regulations. Their claim is that the change of zone constitutes spot zoning, is detrimental to the neighborhood and does not conform to the comprehensive plan or benefit the entire community.

Restricted apartment zones may be created by the commission on its own motion or on the petition of interested persons. Farmington Zoning Regs., art. 2, § 5 (1961). As the regulations provide for their establishment, they come within the comprehensive plan and are not violative of it. *Corsino* v. *Grover,* 148 Conn. 299, 313, 170 A.2d 267; *Couch* v. *Zoning Commission,* 141 Conn. 349, 355, 106 A.2d 173.

A two-family house in a run-down condition now stands on the Rourke property. An R 12 zone permits two-family dwellings and all the uses allowed in the higher residential zones, including the keeping of not more than four roomers or boarders per family. Also permitted are hospitals, nursing homes

and charitable and philanthropic institutions except correctional institutions and institutions for the mentally ill. Farmington Zoning Regs., art. 2, § 3 (1961). The tenor of the opposition expressed at the public hearing was mainly to the effect that the approval of the petition would open the door to a procession of similar petitions, which, if granted, would cause the character of the village to change. The principal of the named plaintiff stated the objection of its executive committee to be that apartments are inimical to the idea of a country boarding school. The zoning map does not show any area presently designated as a restricted apartment zone.

This type of zone is similar in character to those involved in *DeMeo* v. *Zoning Commission,* 148 Conn. 68, 167 A.2d 454, and *Zandri* v. *Zoning Commission,* 150 Conn. 646, 192 A.2d 876, and much that was said in those cases is applicable here. The standards for restricted apartment zones in Farmington are specifically prescribed in the regulations. Petitions, before they are submitted to the commission, have to satisfy the town planner that all of the requirements and safeguards for a restricted apartment zone have been met. The present petition complied with those standards.

The commission gave as its reasons for granting the petition that "[i]t constitutes an improvement of the property over its present condition; and represents the highest and best use of the property." On the surface, these reasons are not particularly persuasive. The function of the court in reviewing the commission's action on appeal would have been materially aided had the commission included in the minutes of its executive session the results of its observations of the character of the

neighborhood, the types of buildings in it, and the uses to which the buildings and land are being put. At the public hearing, the petitioners called to the attention of the commission the fact that Garden Street was not an exclusively residential area, since there was a greenhouse across the street from the Rourke property, a barber shop and other business establishments were between the Rourke property and Farmington Avenue to the north, and, to the south, there were a cemetery, the gymnasium of the named plaintiff, and a building containing several small apartments for its employees. In their brief, the petitioners state that there were also a laundry and a cow barn nearby. The commission's brief describes the area as being of mixed use, consisting of one- and two-family houses as well as "high density residential, institutional, and business uses." The brief also points out that a business zone on Farmington Avenue is approximately 500 feet away. In argument, the plaintiffs made no attempt to dispute these statements in their opponents' briefs. We assume that the conditions recited were known to the commission when it acted on the petition and that it considered them in arriving at its conclusion. Another factor which was before the commission for consideration was the voluntary statement of one resident, who, at the public hearing, opposed the change of zone because of his fear that the garden apartments would be the beginning of a change in the character of the village. He stated, however, that a building he owns on Garden Street and the land he owns on both sides of the street would actually be more valuable if the petition was granted.

As was pointed out in *Zandri* v. *Zoning Commission,* supra, 649, a change of a small area from one

residential classification to another residential classification does not, if permitted by the regulations, in and of itself constitute spot zoning. The expanding population of Farmington and the desirability of apartments to accommodate it were called to the attention of the commission, as well as the fact that the property was close to transportation facilities and shopping areas. The change of zone was in accordance with the comprehensive plan and its logical development. *Allin* v. *Zoning Commission,* 150 Conn. 129, 133, 186 A.2d 802.

There is no error.

In this opinion the other judges concurred.