THE MORNINGSIDE ASSOCIATION ET AL. *v.* PLANNING AND ZONING BOARD OF THE CITY OF MILFORD ET AL.

HOUSE, C. J., THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued October 6, 1971—decided January 19, 1972

*Robert Kapusta,* for the appellant (defendant West Blake, Inc.); with him, on the brief, was *Stephen I. Traub,* assistant city attorney, for the appellant (named defendant).

*Richard H. Lynch,* for the appellees (plaintiffs).

THIM, J. The defendant, West Blake, Inc., has appealed from a judgment of the Court of Common Pleas sustaining the plaintiffs' appeal from the action of the named defendant in granting the petition of West Blake, Inc., for an amendment to the town plan of development of the area in question from a medium to a high density residence zone and in changing the zone from R-10 to R-MF. On December 26, 1967, West Blake, Inc., through its agent, Paul Collins, petitioned the planning and zoning board of the city of Milford, hereinafter referred to as the board, to change the zone of a parcel of land from an R-10 to an R-MF classification to permit the construction of garden-type apartments.[1] On the evening of March 5, 1968, the board held a public hearing to consider the petition. Earlier that evening, the board, in keeping with its custom to consider a change in the plan of development as a preliminary to any proposed zone change, on its own proposal, held a separate public hearing to amend the plan of development by changing the designation of the property in question from medium to high density residence. On June 11, 1968, the board voted to amend the plan of development and to change the zone designation of the parcel in question in accordance with the petition of West Blake, Inc. The plaintiffs appealed to the Court of Common Pleas which rendered judgment on July 7, 1969, sustaining the appeal. The basis on which the court relied was that the board had acted arbitrarily,

---

[1] Under the Milford zoning regulations, an R-10 classification is a medium density zone permitting one-family dwelling units while an R-MF classification is a residential zone in which multi-family dwellings are allowed by special permit.

illegally and in abuse of discretion in that: (1) It had failed to state a reason for its action and (2) there was no evidence of a change of conditions since the denial of a prior petition for a similar change of zone concerning the same property on November 23, 1965. The parcel of land involved consists of approximately 6.5 acres of undeveloped land. It is bounded on the south by Entrance Road, and on the other sides by privately owned property.

The defendant has assigned error in the court's conclusion that the board's action was illegal, arbitrary and in abuse of discretion for failing to give any reasons for granting the change of zone. Although the record does reveal the reasons some of the members of the board favored the zone change, the minutes disclose that the board as a collective body gave no reason for its action. Section 8-3 of the General Statutes requires a board, whenever making changes in zoning regulations, to "state upon its records the reason why such change is made." See *Corsino* v. *Grover,* 148 Conn. 299, 310, 170 A.2d 267; *Woodford* v. *Zoning Commission,* 147 Conn. 30, 31, 156 A.2d 470. Only reasons which motivated the board as a collective body should be stated. Ibid.; *Jack* v. *Torrant,* 136 Conn. 414, 420, 71 A.2d 705. While, however, a failure to comply with § 8-3 hinders appellate review of the board's action; *Woodford* v. *Zoning Commission,* supra; the provision is directory only, so that failure to comply with it does not render the board's action void. *Corsino* v. *Grover,* supra; *DeMars* v. *Zoning Commission,* 142 Conn. 580, 584, 115 A.2d 653; *Nielsen* v. *Board of Appeals on Zoning,* 129 Conn. 285, 287, 27 A.2d 392. Failure to state reasons merely places a burden on the court to search the record to see whether the board was justified in granting the petition. *Zieky*

v. *Town Plan & Zoning Commission,* 151 Conn. 265, 268, 196 A.2d 758. The burden, therefore, remained on the plaintiffs to prove that the board had acted illegally or so arbitrarily and unreasonably as to invalidate its action. *Woodford* v. *Zoning Commission,* supra, 32; *Mainolfi* v. *Zoning Board of Appeals,* 146 Conn. 634, 635, 153 A.2d 460. The plaintiffs' further contention that the board's action is invalid for its failure to adopt or reject the changes requested in the defendant's petition within sixty days after the hearing in direct contravention of the provisions in § 8-3 is similarly without merit. *Chesson* v. *Zoning Commission,* 157 Conn. 520, 527, 254 A.2d 864; *Donohue* v. *Zoning Board of Appeals,* 155 Conn. 550, 554, 235 A.2d 643. Nor do we find that the cumulative effect of both a failure to state a reason and a failure to render a decision within sixty days is by itself sufficient to sustain the court's decision.

The gravamen of the defendant's appeal relates to the court's determination that since there had not been any change in conditions affecting the area in the interim between the present petition and the denial of a similar petition over two years earlier, the action taken by the board in reversing its position was not justified. Ordinarily, unless new conditions arise which substantially alter the character of an area, a change in zone classification is unwarranted. *Metropolitan Homes, Inc.* v. *Town Plan & Zoning Commission,* 152 Conn. 7, 11, 202 A.2d 241; *Vece* v. *Zoning & Planning Commission,* 148 Conn. 500, 503, 504, 172 A.2d 619; *Nowicki* v. *Planning & Zoning Board,* 148 Conn. 492, 496, 497, 172 A.2d 386; *Kimball* v. *Court of Common Council,* 148 Conn. 97, 101, 167 A.2d 706; *Zoning Commission* v. *New Canaan Building Co.,* 146 Conn. 170, 175, 148 A.2d 330. A local zoning authority, however, acts in a

legislative capacity when it enacts or amends its regulations. *Malafronte* v. *Planning & Zoning Board,* 155 Conn. 205, 208–9, 230 A.2d 606; *Pierrepont* v. *Zoning Commission,* 154 Conn. 463, 468, 226 A.2d 659; *Metropolitan Homes, Inc.* v. *Town Plan & Zoning Commission,* supra; *Woodford* v. *Zoning Commission,* supra. In acting, such a legislative body must be relatively free to amend or modify its regulations whenever time and experience have demonstrated the need for a revision. *Malafronte* v. *Planning & Zoning Commission,* supra, 209; *Pierrepont* v. *Zoning Commission,* supra; *Young* v. *Town Planning & Zoning Commission,* 151 Conn. 235, 243, 196 A.2d 427; *Winslow* v. *Zoning Board,* 143 Conn. 381, 390, 122 A.2d 789. The board, acting in a legislative capacity, was, therefore, not bound by the general rule which would prohibit it from reversing an earlier decision without evidence of a change in conditions. *Loh* v. *Town Plan & Zoning Commission,* 161 Conn. 32, 39, 282 A.2d 894; *Hawkes* v. *Town Plan & Zoning Commission,* 156 Conn. 207, 209, 240 A.2d 914; *Malafronte* v. *Planning & Zoning Commission,* supra; *Young* v. *Town Planning & Zoning Commission,* supra; *Corsino* v. *Grover,* 148 Conn. 299, 310, 170 A.2d 267; see 1 Yokley, Zoning Law and Practice (3d Ed.) § 7-3. "The discretion of a legislative body, because of its constituted role as a formulator of public policy, is much broader than that of an administrative board [such as a zoning board of appeals], which serves a quasi-judicial function. Thus, although we have said that a zoning commission should not ordinarily alter the classification of a certain area in the absence of changed conditions, it is clear that this rule, which is a restriction on the principle of legislative discretion, will only be applied in those rare instances where the zoning amend-

ment is patently arbitrary. A less strict rule would require the court to exercise a legislative judgment." *Malafronte* v. *Planning & Zoning Commission,* supra; see *Sheridan* v. *Planning Board,* 159 Conn. 1, 19, 266 A.2d 396; *Andrew C. Peterson, Inc.* v. *Town Plan & Zoning Commission,* 154 Conn. 638, 643, 228 A.2d 126.

In applying these principles to the case before us, we find that the evidence before the board was such that its action, based thereon, was not "patently arbitrary." Earlier, on November 23, 1965, the board had voted to reject a similar petition concerning the same parcel of land on the grounds: (1) That it was not in character with the surrounding districts; (2) that the adjacent roads were not adequate for the proposed traffic; and (3) that the proposed use did not conserve or encourage the value of the adjacent land or buildings. At the time of the present petition, the circumstances were such that the board was justified, on the basis of the evidence presented, in granting West Blake, Inc.'s petition. The record discloses that experts had advised the petitioner that the land in its present condition could not be developed for one-family residence or medium density purposes; that to develop the land for other than high density purposes would be prohibitive due to the cost; that apartments would be the most appropriate use for the land; that other apartments had been constructed within one-quarter of a mile of this property; that recent industrial developments had created a genuine need for apartments; that the one-family home residential area north of the petitioner's land was in a state of rapid deterioration; that the construction of an apartment complex on the undeveloped land would be a definite improvement to that area of the city; that an existing

shopping center was located within four-tenths of a mile; that adequate utilities, sewers and public transportation were at hand; that an ample buffer zone was present; that the site for a new high school is located north of the property; and that such a change would not result in such a large volume of traffic as to cause congestion. In addition, construction on the site would be rigidly controlled by a special permit procedure which would adequately protect the community.[2] In light of the above evidence contained in the record, and presented to the board, we hold that the board did not act in a "patently arbitrary" manner so as to render its action void, but rather, it fairly and reasonably exercised its honest judgment after "giving proper consideration to the public welfare in evaluating the needs of the city in relation to the appropriate use of land contained therein." *Sheridan* v. *Planning Board,* 159 Conn. 1, 21, 266 A.2d 396; *Metropolitan Homes, Inc.* v. *Town Plan & Zoning Commission,* 152 Conn. 7, 11, 202 A.2d 241; *Kutcher* v. *Town Planning Commission,* 138 Conn. 705, 710–11, 88 A.2d 538. Hence, the

[2] The pertinent provisions of the Milford Zoning Regulations, chapter 4, § 16 are: "1. The location and size of the use, the nature and intensity of the operations involved in or conducted in connection with it, and its relation to streets giving access to it, shall be such that it will not be hazardous, inconvenient or detrimental to the character of the neighborhood, or impair the value thereof, or the use shall not be inconsistent with the Plan of Development or policy for future development of the area. 2. The location, nature and height of buildings, walls and fences, and the nature and extent of landscaping on the site, shall be such that the use will not hinder or discourage the appropriate development and use of adjacent land and buildings or impair the value thereof. 3. The proposed use will be provided with off-street parking adequate for its needs, including the assemblage of persons and vehicles in connection with the use, and such parking area or areas will be suitably screened from adjoining residential uses, and the entrance and exit drives will be laid out so as to prevent traffic hazards and nuisance."

action of the Court of Common Pleas in sustaining the appeal for failure to show changed conditions since 1965 without a showing of illegality or arbitrariness was error.

The plaintiffs also make the claim that the board's action was void in that it constituted spot zoning, which is not permitted in Connecticut. *Winslow* v. *Zoning Board,* 143 Conn. 381, 389, 122 A.2d 789; *Kuehne* v. *Town Council,* 136 Conn. 452, 460, 72 A.2d 474. Simply defined, spot zoning is the "reclassification of a small area of land in such a manner as to disturb the tenor of the surrounding neighborhood." *Pierrepont* v. *Zoning Commission,* 154 Conn. 463, 469, 226 A.2d 659; *Guerriero* v. *Galasso,* 144 Conn. 600, 607, 136 A.2d 497. For the plaintiffs to prevail on this ground, two elements must be satisfied before spot zoning can be said to exist. *Loh* v. *Town Plan & Zoning Commission,* 161 Conn. 32, 38, 282 A.2d 894. First, the zone change must concern a small area of land. Ibid.; *Guerriero* v. *Galasso,* supra; *Winslow* v. *Zoning Board,* supra; *Eden* v. *Town Plan & Zoning Commission,* 139 Conn. 59, 63, 64, 89 A.2d 746. The area of the land in this case being 6.5 acres, the first test can be met. Second, the change "must be out of harmony with the comprehensive plan for zoning adopted to serve the needs of the community as a whole."[3] *DeMeo* v. *Zoning Commission,* 148 Conn. 68, 73, 74, 167 A.2d 454; see *Loh* v. *Town Plan & Zoning Commission,* supra; *Malafronte* v. *Planning & Zoning Board,* 155 Conn. 205, 211, 230

---

[3] A comprehensive plan is "a general plan to control and direct the use and development of property in a municipality or a large part of it by dividing it into districts according to the present and potential use of the properties." *Kutcher* v. *Town Planning Commission,* 138 Conn. 705, 709, 88 A.2d 538; see *Miller* v. *Town Planning Commission,* 142 Conn. 265, 269, 113 A.2d 504; *Bishop* v. *Board of Zoning Appeals,* 133 Conn. 614, 618, 53 A.2d 659.

A.2d 606; *Guerriero* v. *Galasso,* supra. Although the petitioner may receive an incidental benefit, so long as the change is in accordance with the comprehensive plan and the central purpose for the change is in benefiting the community as a whole as opposed to the owner of the property, the board cannot be said to have acted unreasonably or arbitrarily and the claim of spot zoning falls. *Malafronte* v. *Planning & Zoning Board,* supra; *DeMeo* v. *Zoning Commission,* supra; *Levinsky* v. *Zoning Commission,* 144 Conn. 117, 125, 127 A.2d 822. Without repeating its contents, the record is convincingly clear that the zone change was in harmony with Milford's comprehensive plan and does not constitute spot zoning. The change was not made primarily for the benefit of the petitioner, as in *Kimball* v. *Court of Common Council,* 148 Conn. 97, 101, 167 A.2d 706; *Guerriero* v. *Galasso,* supra; *Zuckerman* v. *Board of Zoning Appeals,* 144 Conn. 160, 128 A.2d 325. Rather, the record discloses that the board acted with the intention of promoting the best interests of the community and its action was, therefore, in harmony with the comprehensive plan. *DeMeo* v. *Zoning Commission,* supra; *Wade* v. *Town Plan & Zoning Commission,* 145 Conn. 592, 595, 145 A.2d 597. In addition, both the town plan of development and the zoning regulations, within which the comprehensive plan can be found, contemplated the creation of zones in which apartment complexes could be built.[4]

---

[4] Milford Zoning Regs., c. 4 § 2A states in part: "In the adoption of this regulation, it is contemplated that apartment zones will be located in the better residential areas of the City." The Milford Town Plan of Development of 1956, p. 17, states: "It is suggested that a limited amount of land should be provided for new apartments."

"In considering the existing uses in the neighborhood, the needs and growth of the town, and the desire to provide for the best interests of all the community in the foreseeable future, the board demonstrated that it carefully thought out its decision in amending the zonal classification." *Malafronte* v. *Planning & Zoning Board,* supra, 211; *Miss Porter's School, Inc.* v. *Town Plan & Zoning Commission,* 151 Conn. 425, 430, 198 A.2d 707.

It is clear that the legislature intended, subject to certain underlying principles, that finding solutions to zoning questions should be left to the local authority. *Summ* v. *Zoning Commission,* 150 Conn. 79, 89, 186 A.2d 160; *Couch* v. *Zoning Commission,* 141 Conn. 349, 359, 106 A.2d 173. The board having reasonably exercised its honest judgment after a full hearing, the court should have been cautious before disturbing the board's decision. *Summ* v. *Zoning Commission,* supra; *Kutcher* v. *Town Planning Commission,* 138 Conn. 705, 710, 88 A.2d 538. "Courts must not, and legally cannot, substitute their discretion for the wide and liberal discretion enjoyed by zoning agencies. . . . Courts can grant relief on appeal only where the local authority has acted arbitrarily or illegally and has thus abused the discretion vested in it." *Summ* v. *Zoning Commission,* supra; see *DeMeo* v. *Zoning Commission,* 148 Conn. 68, 75, 167 A.2d 454; *Tarasovic* v. *Zoning Commission,* 147 Conn. 65, 71, 157 A.2d 103; *Gordon* v. *Zoning Board,* 145 Conn. 597, 605, 145 A.2d 746; *Wade* v. *Town Plan & Zoning Commission,* 145 Conn. 592, 595, 145 A.2d 597. Having failed to show that the board abused its discretion by changing the zone classification without complying with the comprehensive plan, the plaintiffs cannot prevail.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.