[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO TRANSFER
The plaintiff has brought an action to collect moneys for services allegedly rendered to one of the defendants. The named defendant has filed a counterclaim alleging that the plaintiff committed various torts, thereby causing him damages. The plaintiff has moved to transfer this action, now pending in Geographical Area 8, to the judicial district of New Haven, claiming that the named defendant has "filed a second, nearly identical, action against [plaintiff's] employees for damages arising out of the same set of facts that he alleges in his counterclaim in this action." That second action, of which this court takes judicial notice; Guerriero v. Galasso,144 Conn. 600, 605 (1957); is pending in the judicial district of New Haven.
Judicial districts are venues prescribed by the Legislature. See General Statutes 51-344 to 51-347. Geographical areas, on the other hand, are not specifically delineated but exist more for judicial convenience. "The chief court administrator, after consultation with the judges of the superior court, may alter the boundary of any geographical area to provide for a new geographical area provided that each geographical area so altered or so authorized shall remain solely within the boundary of a single judicial district." General Statutes 41-348 (a). "For the prompt CT Page 3800 and proper administration of judicial business, any matter and any trial can be heard in any courthouse within a judicial district, at the discretion of the chief court administrator, if the use of such courthouse for such matter or trial is convenient to litigants and their counsel and is a practical used judicial personnel and facilities, except juvenile matters may be heard as provided in section 46b-122." General Statutes 51-348 (c).
The courthouse for geographical area 8 is less than one hundred yards from the courthouse which services the judicial district of New Haven. Neither party has explicitly argued that the trial of this case would not be convenient in this courthouse. Rather, the plaintiff claims that this action should be in the same courthouse as the action commenced by the defendant. This court is not convinced that the litigants, their counsel or the court will benefit from greater physical proximity of the two actions. Nor does it appear that maintaining the two files in the same courthouse will alone "achieve greater efficiency in the administration of the judicial department." Savage v. Aronson,214 Conn. 256, 262 (1990). If the defendant's subsequent lawsuit against this plaintiff's employees — who are not parties to this action — is "nearly identical" to this action" then the two actions may be consolidated. "Whenever there are two or more actions, which should be tried together, the court may, upon motion of any party or upon its own motion, order that the actions be consolidated for trial." Practice Book 84A. Such a motion is not before the court in this case.
The motion is denied.
LEVIN, JUDGE