[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The State's Attorney has filed a motion requesting the release of a portion of a transcript in a juvenile neglect proceeding for use in a criminal prosecution against the respondent mother for risk of injury to a child in violation of General Statutes 53-21. The mother objects. The motion is granted.
The children have heretofore been adjudicated neglected. On March 31, 1993, during the pendency of the neglect petition with respect to Jennifer, the court ordered the mother not to allow Jennifer to have any contact with a certain Thomas O'Brien. The warrant attached to the state's request alleges that on April 3, 1993, police found Jennifer in a hotel room asleep in the same bed as O'Brien and the two were dressed only in underwear. The warrant further states that O'Brien and Jennifer separately stated that Jennifer's mother was aware of and approved of Jennifer's being with O'Brien.
The State seeks the transcript of the court's order to prove that the mother's act or omission was "wilful" or "unlawful" within the ambit of General Statutes 53-21 and to prove the mother's state of mind and perception of the risk to Jennifer. While not crediting the truth of the allegations, the court does take judicial notice of the warrant and accompanying affidavit which are part of the criminal file. Guerriero v. Galasso, 144 Conn. 600, 605 (1957).
General Statutes 46b-124(a) provides in relevant part: "All records of cases of juvenile matters as defined in 46b-121
["which includes proceeding concerning . . . neglected . . . children"], or any part thereof . . . shall be confidential and open to inspection or disclosure to any third party . . . only upon order of the superior court. . . ."
There then follows in the statute certain enumerated exceptions to the general statutory command of confidentiality. However, while the statute "affords discretion to the court to disclose information in circumstances neither enumerated in the statutory exceptions nor mandated by constitutional due process" this discretion is to be exercised cautiously and restrictively"; In CT Page 10999 re Sheldon G., 216 Conn. 563, 576 (1990); especially when disclosure is sought for use in civil litigation. Id., 584. Such is not the purpose for which disclosure is sought here, however.
Practice Book 1061.1, entitled "Disclosure of Records" provides: "In addition to General Statutes 46b-124, the court may order release of any confidential record or any part thereof . . . after motion with notice to all parties, upon a showing by any third party of a compelling need for disclosure, provided said order shall not extend to any court record or part thereof which is confidential or privileged for reasons other than a juvenile matter proceeding." In this case, disclosure is warranted both Pursuant to General Statutes 46b-124 and pursuant to Practice Book 1061.1.
First, while the state initially made its request by ex parte correspondence to the court, it followed that request with a written motion, albeit entitled a "request". See Practice Book 196, 1055.1.
Second, notice of the motion was given to all parties. While the motion was not properly certified to counsel of record pursuant to Practice Book 120; see also Practice Book 1055.1(2); the mother's counsel, who was present and was heard at the hearing on the motion, did not request a continuance.
Thirdly, the State's Attorney, whose office is in the nature of a "third party" to these proceedings; of. State vs. Fritz, 204 Conn. 156, 173-177 (1987); has compelling interest in presenting all admissible evidence which bears on the guilt or innocence of an accused. While the determination as to whether evidence is admissible is within the sound discretion of the trial court in the criminal trial; State v. Pollitt, 205 Conn. 61,91 (1987); the state has certainly made a colorable claim that the transcript of the court's order is relevant to its prosecution.
The motion is granted.
BY THE COURT, LEVIN, JUDGE. CT Page 11000