[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a motion for payments for use and occupancy of leased premises, pursuant to Conn. General Statutes Sec. 47a-26b, brought by John L. Calvocoressi, Trustee (plaintiff) against the tenant Paul W. Siege (defendant).
The defendant filed an objection to plaintiff's motion claiming that a portion of the leased premises was untenable and that therefore the agreed upon rent is not the fair rental value of the tenancy for purposes of use and occupancy payments. The court held a hearing on said objection.
Conn. General Statutes Sec. 47a-26b permits a landlord, in a summary process action, to require a tenant to pay the fair rental value of the premises for the tenant's use and occupancy "during the pendency of said action."
Conn. General Statutes Sec. 47a-26b(c), in relevant part, provides after hearing "the court shall order the defendant to deposit with the court payments for use and occupancy in an amount equal to the fair rental value of the premises during the pendency of such action accruing from the date of such order . . . The last agreed upon rent shall be prima facie evidence of the fair rental CT Page 5496-UUUU value of the premises. The party claiming a different amount shall have the burden of proving that the last agreed upon rent is not the fair rental value. . . ."
The parties stipulated to the terms of the lease and that the agreed upon rent pursuant to the lease was $55,000.00 per annum or $4,583.33 per month.
The court allowed the defense wide latitude in demonstrating the condition of the premises in support of the defendant's claim of a lower fair rental value than the amount previously agreed upon.
The testimony offered by the defendant concerned the condition and/or repairs to the subject premises during 1994 and brief references were made to February and March of 1995.
The defendant called John W. Fuller as a witness who is the only witness who testified as to the present conditions of the premises.
Due to the fact that Mr. Fuller was not available for cross-examination, his entire testimony was stricken.
After the defendant had rested,[1] he requested that this court take judicial notice of a finding rendered by Judge Stengel[2] on August 30, 1996, wherein Judge Stengel found the same subject premises to be 35% untenable. The defendant claims the court is bound to take judicial notice of the "35% untenable" finding of Judge Stengel and accept that finding as fact in this case and adjust the amount of use and occupancy payments accordingly.
Discussion
The parties stipulated to the last agreed upon rent for the subject premises and the plaintiff rested.
The defendant offered the testimony of two witnesses (the testimony of the second witness was stricken) and the defense requested this court to take judicial notice of the finding of Judge Stengel in the summary process action between the same parties relevant to the same premises.
A court has the power to take judicial notice of the file in CT Page 5496-VVVV another case pending in that court. Guerriero v. Galasso,144 Conn. 600, 605 (1957). A trial court also has the power to determine the relevancy of evidence.
The defendant here seeks to have this court accept the finding of Judge Stengel that "35% (of the premises) was not tenable," and adopt said finding in this claim and reduce accordingly any use and occupancy payments.
The court declines the defendant's invitation for several reasons.
First, unless the judgment satisfies the usual requirements of res judicata or collateral estoppel, a judicial determination of a fact in one case is not admissible in another case to prove the same fact. A judgment itself is hearsay evidence that does not fall into any recognized exception. Tait LaPlant, Handbook ofConnecticut Evidence, Sec. 11.15.4. The court finds that neither collateral estoppel or res judicata are applicable here.
Secondly, the issues that were before Judge Stengel concerned the plaintiff's claim for recovery of unpaid back rent, and additional rent consisting of taxes, insurance, etc. and defendant's various counterclaims (i.e. fraudulent misrepresentations, unjust enrichment, breach of contract, unfair trade practices,) and special defense. Except as provided by statute, courts are not bound to take judicial notice of matters of fact. It is a discretionary function dependent on the nature of the subject matter, issues involved, and apparent justice of the case. DeLuca v. Park Commissioners, 94 Conn. 7, 10 (1919). (Emphasis added) In the light of the disparity of issues the court will not accept the finding of fact of another court.
Lastly, the court finds that the finding of fact of Judge Stengel is not relevant, due to the different issues before my colleague, as opposed to the issue before this court. Judge Stengel's finding cannot assist this court in determining a present fair rental value.
The defendant has failed to prove that the last agreed upon rent is not the fair rental value. The testimony that was admitted was remote in time and had virtually no probative value relevant to the issue before the court.
The rebuttal of the plaintiff relevant to the fair rental CT Page 5496-WWWW value of the premises is not accepted by the court. The manner and method of the witness' valuation was inadequate, had no foundation and was not based upon acceptable standards of the profession.
The court finds that the amount stipulated to by the parties, $4,583.33, is the fair rental value of the premises. The defendant has failed to demonstrate that a lesser amount is the fair rental value.
The court orders the defendant to deposit with the court payments for use and occupancy in the amount of $4,583.33 per month.
MIANO, J.