[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 10, 1997, the plaintiff, a church, brought this application for a temporary injunction to enjoin an execution of a summary process judgment obtained by the defendants on May 15, 1997. The basis for the application is the plaintiff's claim that it never received the motion for judgment for failure to appear filed in that action.[1] The motion, which is in the court's summary process file, of which the court takes judicial notice;Guerriero v. Galasso, 144 Conn. 600, 605 (1957); states that a copy was sent to the plaintiff at its address. The summons and complaint commencing the summary process action were served on April 18, 1997. The summons form used was, appropriately, JD-HM-32 and bore the following notice: "If you or your attorney do not file a written `Appearance' form on time, a judgment may be entered against you be default giving the plaintiff the right to evict you from the premises."[2]
The plaintiff's witness testified that since the destruction of the plaintiff's mailbox on the evening of October 31, 1996, it has not had a mailbox. Rather, it has arranged with the postal delivery person who delivers its mail to make delivery to one of its five trustees who live in the area of the church. No evidence was adduced from any of these trustees. CT Page 2586
Although the pleading before the court is an application for a temporary injunction, the court's decision is informed by Practice Book § 377 which provides in relevant part: "Any judgment rendered or decree passed upon a default . . . may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the court deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the . . .defendant was prevented by mistake, accident or other reasonablecause . . . appearing to make the same." (Emphasis added.)
The plaintiff has not sustained its burden of proof on the allegations of its application for a temporary injunction. SeeGayle v. Young, Superior Court, Judicial District of Fairfield at Bridgeport, Housing Session, No. SPBR 9409-27973 (March 27, 1995); Post-Newsweek Stations v. Brooks, Superior Court, Judicial District of Hartford-New Britain at Hartford, No. CV 94 704854 (March 11, 1994); Baron Consulting v. Complete EnvironmentalTesting, Superior Court, Judicial District of New Haven at Meriden, No. CV94-0245421 (August 24, 1994). That application is denied.
Execution is stayed until August 1, 1997 on the condition that the plaintiff pays the defendants directly, for use and occupancy, the sum of $1,200.00 on or before June 27, 1997 and $1,200 on or before July 11, 1997.
By The Court
Bruce L. LevinJudge of the Superior Court