[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 16, 1984 the plaintiffs Barbara E. Farmer and W. Michael Farmer purchased real property known as 80 Shore Lands Drive in the town of Madison, which property is described as being Lot #14 on a map entitled" Shore Lands formerly John Gunther now Elizabeth J. King Anna J. Parmelee East River Madison Conn. Scale 1" = 60' September 1949," excepting therefrom a portion of said Lot #14 which had been previously conveyed to other persons in 1950. The plaintiffs' complaint alleges that the plaintiffs Astrid and Eugene Johnson are the parents of the plaintiff Barbara E. Farmer; that they reside on the subject property; and that the Johnsons own 61% interest in the property while the Farmers own a 39% interest in the property. The subject property contains a total land area of 67,900 square feet, has a single family dwelling on it, and is in an R-2 zone, which requires 40,000 square feet minimum lot size (Madison Zoning Reg. 3.2).
On December 19, 1989 the plaintiffs applied to the defendant Board for variances of regulations 2. 2, 2.11 and 3.2, which CT Page 35 provide as follows:
2.2 More than one dwelling on one lot
 No dwelling shall be constructed on a lot containing an existing dwelling unless the lot is capable of being divided in such a way that both the existing dwelling and the proposed dwelling would conform separately with these regulations.
2.11 Existing Lots
 Nothing in these regulations shall prevent the construction of a permitted building or establishment of a permitted use on a lot which at the time of adoption of these regulations and also at the time of construction was owned separately from any adjoining lot as evidenced by deed recorded in the land records of the Town of Madison provided that the lot contains an area of not less than 4,000 square feet and a width of not less than 40 feet and provided that any reduction in required yards shall have been approved by the zoning Board of Appeals, or on a lot in an approved subdivision.
3.2 Required Lot Area, Width, Yards, Coverage and Height
 Min Min Front Side Rear Bldg. Max Lot Lot Yard Yards Yard Cov. Height District Area Width each sq.ft. ft. ft. ft. ft. 10% ft.
R-1 40,000 150 40 30 30 10 30
R-2 40,000 120 40 20 30 10 30
The plaintiffs requested the Board to vary these regulations with respect to a 22,117 square foot, 100 foot wide portion of the subject property so that they could construct an additional dwelling house thereon.
This 22,117 square foot parcel is the northerly portion of the property conveyed to the plaintiffs, Barbara E. Farmer and W. Michael Farmer in 1984 and was shown on a survey map prepared for the Farmer's predecessor in title and recorded in the office of the Madison Town Clerk in June of 1964. This survey map was never submitted for subdivision approval and the 1984 deed to the Farmers makes no reference to it.
In 1964 the minimum lot area in the subject district was 17,500 square feet and in 1965 this was increased to 40,000 square feet. CT Page 36
In 1964 the Farmer's predecessor in title applied to the Madison Zoning Board of Appeals for a side yard variance to build on the Southerly portion of the subject property as shown on the aforesaid survey map. They were informed by the Zoning Board of Appeals that said survey map "had never been approved by the town, the entire property in question was one unit, and therefore no variance is necessary". No further action was taken by the zoning Board of Appeals or the land owner and presumably the building was erected and is the existing single family dwelling.
A duly warned public hearing was held on the plaintiffs' application. Thereafter by an unanimous decision the Board voted to deny the plaintiffs' request for variances. Notice of the Board's decision was duly published.
The reasons for the Board's decision were stated as follows:
 It was denied on the basis that the application attempts to build a second dwelling on a piece of property that is one lot. To allow this would be in violation of Section 2.2 of the Zoning Regulations. In addition, Section 2.11 is a misplacement because the property on which they want to build the proposed dwelling is not owned separately from the adjoining property, all being part of one single lot. No record exists to show that this property was ever subdivided. Also, the applicants failed to establish sufficient hardship to allow for a variance of Section 2.2 and/or Section 2.11.
The plaintiffs have appealed to this court from this decision of the Board.
There is some question as to whether the plaintiffs Astrid Johnson and Eugene Johnson are aggrieved parties entitled to maintain this appeal. This issue need not be addressed, however, as the court finds that plaintiffs W. Michael Farmer and Barbara E. Farmer are the record owners of the subject property and are aggrieved by the decision of the Board.[1]
The plaintiffs argue that the requested variance would not affect substantially the comprehensive zoning plan and that adherence to the strict letter of the zoning regulations would cause unusual hardship. The plaintiffs further argue that the reasons stated by the Board for its decision demonstrate that the Board incorrectly interpreted the zoning regulations and therefore acted without valid reasons. The plaintiffs also argue that the CT Page 37 Board's denial of their application for the variances makes the plaintiffs' lot useless for any practical purposes and constitutes an unconstitutional confiscation. The plaintiffs claim that the Board acted illegally, arbitrarily and in abuse of its discretion.
The defendants argue that, as a threshold matter, the subject 22,117 square foot portion of the plaintiffs' lot was never legally divided from the rest of the lot, or that if it was, the two portions have since merged into one lot. The defendants argue that since there is only one lot, there has been no confiscation because the plaintiffs still have reasonable use of that lot. Further, the defendants argue that granting the requested variances would be in contradiction of the comprehensive plan and that the plaintiffs have failed to demonstrate unusual hardship resulting from the application of the zoning regulations.
The defendants also argue that the Board did not misinterpret the zoning regulations and that its denial of the plaintiffs' application was for valid reasons and is supported by the record.
"Zoning boards of appeal are entrusted with the function of deciding, within prescribed limits and consistent with the exercise of a legal discretion, whether a regulation applies to a given situation, and the manner of it application." Molic v. ZBA,18 Conn. App. 159, 165 (1989); citing Connecticut Sand Stone Corporation v. ZBA, 150 Conn. 439, 442 (1963). In reviewing the board's decision, the courts are limited to determining whether the board's action was unreasonable, arbitrary or illegal. Id. A trial court is not at liberty to substitute its judgment for that of the administrative tribunal. Frito-Lay, Inc. v. PZC, 206 Conn. 554,572-73 (1988); Parks v. PZC, 178 Conn. 657, 663 (1979). The court is simply to determine whether the record reasonably supports the conclusions reached by the agency. Primerica v. PZC,211 Conn. 85, 96 (1989); Burnham v. PZC, 189 Conn. 261, 265
(1983); Stankiewicz v. ZBA, 15 Conn. App. 729, 737 (1988), aff'd211 Conn. 76 (1989).
The burden of proof is upon the plaintiff to demonstrate that the Board acted improperly. Adolphson v. ZBA, A, 205 Conn. 703, 707
(1988).
Where the zoning authority has stated the reasons for its decision, the court is not at liberty to probe beyond them. DeMaria v. PZC, 159 Conn. 534, 541 (1970); Central Bank for Saving v. PZC, 13 Conn. App. 448, 457 (1988); Allied Plywood, Inc. v. PZC, 2 Conn. App. 506, 512 (1984). But see Stankiewicz v. ZBA,211 Conn. 76 (1989) (where a zoning board gives inadequate reasons for granting a variance, as opposed to no reasons, the trial court must search the record to determine whether a basis exists for the action taken). Where the zoning authority has not provided the CT Page 38 reasons for its decision, the court must review the record to determine whether the decision is supported thereby. A.P. W. Holding Corp. v. PZB, 167 Conn. 182, 186 (1974); Morningside Assn. v. PZB, 162 Conn. 154, 156 (1972); see also Schwartz v. PZC,208 Conn. 146, 152 (1988); Daughters of St. Paul, Inc. v. ZBA,17 Conn. App. 53, 56 (1988).
The court has fully examined the entire record of these proceedings and finds that the 22,117 square foot lot is not a separate lot and was never legally divided from the remainder of the property.
The plaintiffs at the oral argument of this matter cited to the court the case of Ancker v. Zoning Board, 34 C.L.T. 12, p. 34 (1990). Apparently it is cited to bolster their position that the plaintiffs own two separate lots. Ancker however, is inapposite, in that unlike the instant matter the lots in Ancker were "properly created" and although conveyed in one deed were separately listed and described.
The court further finds that the record adequately supports the action of the defendant Board and that it did not act illegally, arbitrarily and in abuse of its discretion.
Accordingly, the action of the Board denying the plaintiff's request for a variance is affirmed.
FREDERICK A. FREEDMAN, JUDGE