[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Therese Cody Spring, individually and as Executrix of the Estate of Catherine E. Cody; James J. Cody, IV, Trustee of the Estate of Thomas P. Cody; George F. Cody; William J. Cody; Catherine L. Cody; Thomas H. Cody; and James J. Cody IV, heirs and successors in interest to the estate of Mary Rose Cody, appeal from a decision of the defendant, Planning Zoning Commission for the town of New Canaan (PZC)[1], denying their application for a change of zone. The plaintiffs appeal pursuant to General Statutes § 8-8.
The final decision of the PZC was published in the New Canaan Advertiser on November 17, 1993. (Plaintiffs' Complaint, ¶ 11; Defendant's Answer.) On December 1, 1993, the plaintiffs served the PZC by leaving copies of the appeal with Mary L. Ritter, Town Clerk and Clare Colman, Chairman of the PZC. (Sheriff's Return.)
The PZC filed the return of record on January 10, 1994 and its answer on May 13, 1994. The appeal was heard by the court, Karazin, J., on July 20, 1994.
On June 3, 1993, the plaintiffs filed an application for a zone change of a certain parcel of land in New Canaan. (Return of Record [ROR], Item 2.) The plaintiffs sought a change in the zone of the parcel from a residentIal [residential] "B" zone to a business "A" zone. (ROR, Item 2.) Notice of the hearing was given to the public. (Plaintiffs' Complaint ¶ 9, Defendant's Answer.) Notice of the hearing on the plaintiffs' application was sent to Fairfield Properties, Inc., an abutting owner on September 17, 1993. (ROR, Item 3.)
The public hearing was held on September 28, 1993. (ROR, Item CT Page 11134-A 6.) The PZC was provided with a memorandum from the town planner regarding the plaintiffs' application. (ROR, Item 5.) The town planner indicated that the plaintiffs' zone classification had been reviewed in the 1960's and 1980's. (ROR, Item 5.) The town planner stated in the memorandum that the PZC did not alter the zone classification at those times because the PZC was concerned about the potential for increased commercial construction and the lack of adequate access to the parcel. (ROR, Item 5.)
At the hearing, counsel for the plaintiffs testified that a portion of their property is zoned residential "B" and is surrounded by property that is business use. (ROR, Item 12, p. 11.) The plaintiffs introduced photographs of surrounding properties. (ROR, Item 12, p. 7.) Counsel for the plaintiffs testified that they did not have any immediate plans for the property, however, they wished to change the zone so that they would not have to seek a variance each time a tenant wanted to alter the buildings on the property. (ROR, Item 12, pp. 9, 20-21.) Counsel for the plaintiffs testified that in 1992, the plaintiffs sought a variance to add a drive-in banking facility for its tenant, a bank. (ROR, Item 12, p. 8.) A member of the PZC asked the plaintiffs' counsel whether the situation in 1992 would have been different if the parcel zoned residential had been zoned business. (ROR, Item 12, p. 22.) Counsel for the plaintiffs replied that they would not have been forced to go to the Zoning Board of Appeals (ZBA) for a variance, they simply would have been required to submit a site plan to the PZC. (ROR, Item 12, p. 23.)
The PZC denied the plaintiffs' application for a zone change on November 16, 1993. (ROR, Item 8.) The PZC denied the application for a zone change on the grounds that the PZC had already considered the zone configuration of this property and determined that the present zone was appropriate; there has not been a significant change in circumstances to warrant a zone change; no proposal for use of the land was given to justify the zone change; minor changes in the existing buildings would not require action by the ZBA, and if such action is necessary, it is not a major burden on the property; and the access to the interior property is inadequate to accommodate the potential increase in size of the building if the zone change was granted. (ROR, Item 7.) Notice of the PZC's final decision was published in the New Canaan Advertiser on November 17, 1993. (Plaintiffs' Complaint, ¶ 11; Defendant's Answer.)
On December 10, 1993, the plaintiffs filed the present appeal CT Page 11134-B on the grounds that the PZC's decision was not supported by substantial evidence; the decision was contrary to the facts and the law; the decision constitutes a taking without compensation; the PZC has engaged in spot zoning; the decision has substantially impaired the plaintiffs' right to the reasonable use of their property; and the PZC failed to recognize the established nonconforming use held by the plaintiffs to employ the existing driveway for access to the property. The plaintiffs request that the court sustain the appeal and direct the PZC to change the zone classification. The plaintiffs also request that the court find that the PZC's action constitutes a taking without compensation and award damages.
Jurisdiction
A. Aggrievement
Aggrievement implicates the plaintiff's standing to appeal and, therefore, the first issue the court must address is aggrievement. McNally v. Zoning Commission, 225 Conn. 1, 5-6,621 A.2d 279 (1993). "Aggrievement falls within two broad categories, classical and statutory." Cole v. Planning Zoning Commission,30 Conn. App. 511, 514, 620 A.2d 1324 (1993). "Statutory aggrievement exists by legislative fiat, which grants appellants standing by virtue of a particular legislation, rather than by judicial analysis of the particular facts of the case." Id., 514-15. General Statutes § 8-8(a)(1) states that an "aggrieved person" is "any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes § 8-8(a)(1). An owner of the subject property is an "aggrieved person." See Winchester Woods Associatesv. Planning Zoning Commission, 219 Conn. 303, 308, 592 A.2d 953
(1991).
In the present case, counsel for the plaintiffs testified at the hearing before the PZC that the plaintiffs are the owners of the subject property. (ROR, Item 12, p. 3.) The court finds that the plaintiffs are statutorily aggrieved by the decision of the PZC.
B. Timeliness of Appeal
A party taking an appeal from a decision of the PZC must do so by commencing service within fifteen days from the date that notice of the decision was published. General Statutes § 8-8(b). CT Page 11134-C
In the present case, the PZC's final decision was published on November 17, 1993 in the New Haven Register. (Plaintiffs' Complaint ¶ 11; Defendant's Answer.) The plaintiffs served the town clerk and the chairman of the PZC on December 1, 1993. (Sheriff's Return.) It is found that the plaintiffs served the present appeal within fifteen days from the date of publication of the decision and, therefore, the appeal is timely.
Scope of Review
When the PZC acts on an application for a change of zone, it is acting in its legislative capacity. Central Bank for Savings v.Planning Zoning Commission, 13 Conn. App. 448, 453, 537 A.2d 510
(1988). "Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. . . . The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached." Id., 453-54, quotingBurnham v. Planning Zoning Commission, 189 Conn. 261, 265,455 A.2d 339 (1983). "[T]he court may grant relief on appeal only where the local authority has acted illegally or arbitrarily or has abused its discretion." Frito-Lay, Inc. v. Planning ZoningCommission, 206 Conn. 554, 573, 538 A.2d 1039 (1988).
 Our courts are loath to overturn a decision by a zoning authority denying a requested zone change. . . . Only under certain circumstances, where the classification is found to be unjust, confiscatory or unconstitutional and the reasons for such a change are unusual and compelling, will the courts reverse the authority's refusal to grant an application for a change of zone on the ground that the existing classification is found to be unjustified.
(Citations omitted; internal quotation marks omitted.) HomartDevelopment Co. v. Planning Zoning Commission, 26 Conn. App. 212,215, 600 A.2d 13 (1991). The burden is on the plaintiff to show that the zoning authority acted improperly. Spero v. Zoning Boardof Appeals, 217 Conn. 435, 440, 586 A.2d 590 (1991)[2].
The plaintiffs argue that the PZC's decision is not supported by substantial evidence. The plaintiffs argue further that the PZC's denial of their application for a change of zone constitutes "spot zoning." Finally, the plaintiffs argue that the PZC's denial of their application constitutes a taking of property without CT Page 11134-D compensation.
In response, the PZC argues that its decision is supported by the record. The PZC also argues that the denial of the zone change does not constitute "spot zoning" and that the plaintiffs have abandoned their takings argument since it was not briefed.
"[I]n making its decision regarding a zone change, a zoning agency must consider the general public welfare inherent in the comprehensive zoning development plan rather than the individual benefit of one petitioner." Fenn v. Planning Zoning Commission,24 Conn. App. 430, 436, 589 A.2d 3 (1991). "Ordinarily, unless new conditions arise which substantially alter the character of an area, a change in zone classification is unwarranted." MorningsideAssociation v. Planning Zoning Commission, 162 Conn. 154, 157,292 A.2d 893 (1972). The test for determining the legality of a local zoning authority's ruling on an application for a change of zone is two-fold:
 (1) The zone change must be in accord with a comprehensive plan, . . . and (2) it must be reasonably related to the normal police power purposes enumerated in [General Statutes] § 8-2. . . . A comprehensive plan has been defined as a general plan to control and direct the use and development of property in a municipality or a large part thereof by dividing it into districts according to the present and potential use of the properties. . . . The requirement of a comprehensive plan is generally satisfied when the zoning authority acts with the intention of promoting the best interests of the entire community.
(Citations omitted.) First Hartford Realty Corporation v. Plan Zoning Commission, 165 Conn. 533, 541, 338 A.2d 490 (1973).
The local zoning authority is authorized to promulgate regulations necessary
 to lessen congestion in the streets; to secure safety from fire, panic, flood and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population and to facilitate the adequate provision for transportation, water, sewerage, schools, parks and other public requirements. CT Page 11134-E
General Statutes § 8-2(a).
The "New Canaan Development Plan" sets forth the comprehensive plan for the business district of New Canaan. (ROR, Item 13.) The plan states that it is aimed at preserving the character of the business center. (ROR, Item 13, p. 5.) Listed among the policy guidelines of the plan are the goals to maintain the aesthetics of the area; to control the size of buildings; and to improve parking and traffic conditions. (ROR, Item 13, p. 7)
As noted above, in the present case, the PZC denied the plaintiffs' application for a change of zone on the grounds that the PZC had previously considered the zone configuration of this property in 1985 and had determined that the present zone lines were appropriate; there has not been a significant change in circumstances to warrant a zone change; no proposal for use of the land was given to justify the zone change; minor changes in the existing buildings would not require action by the ZBA, and if such action is necessary, it is not a major burden on the property; and the access to the interior property is inadequate to accommodate the potential increase in size of the building if the zone change was granted. (ROR, Item 7.) According to the town planner, the PZC, during the 1985 review of the zone classification, expressed concerns regarding the limited access to the subject property. (ROR, Item 5.) The court finds that the record contains evidence supporting the PZC's stated reasons related to safety and traffic concerns. The court also finds that these concerns are in accord with the comprehensive plan and are reasonably related to the police power purposes enumerated in General Statutes § 8-2(a).
Nevertheless, the plaintiffs argue that the PZC's denial of their application constitutes "spot zoning" since the subject property is zoned residential and is surrounded by business use property.
"Spot zoning has been defined as a provision in a zoning plan or a modification in such a plan, which affects only the use of a particular piece of property or a small group of adjoining properties and is not related to the general plan for the community as a whole." (Internal quotation marks omitted.) Fenn v. Planning Zoning Commission, supra, 24 Conn. App. 436. Spot zoning is not permitted in Connecticut. Morningside Association v. Planning Zoning Board, supra, 162 Conn. 161. In order to establish "spot CT Page 11134-F zoning," the plaintiffs must satisfy two elements. Id. "First, the zone change must concern a small area of land. . . . Second, the change must be out of harmony with the comprehensive plan for zoning adopted to serve the needs of the community as a whole." (Citations omitted; internal quotation marks omitted.) Id. Where the record shows that the commission's actions were in harmony with its regulations and the comprehensive plan, the claim of "spot zoning" must fail. See Fenn v. Planning Zoning Commission, supra, 436; Morningside Association v. Planning Zoning Board, supra, 162.
As discussed above, the decision of the PZC to deny the plaintiffs' application was in accord with the comprehensive plan. Therefore, it is found that the PZC's actions do not constitute "spot zoning."
Finally, the plaintiffs argue that the PZC's decision constitutes a taking of property without compensation. The PZC argues that since the plaintiffs did not brief this issue in their pre-trial brief, the issue has been abandoned. The court finds that the plaintiffs sufficiently raised and briefed the issue in their supplementary brief and, therefore, the court may address the argument.
Nevertheless, "[b]efore being entitled to judicial review of [their] takings claim, the plaintiff[s] [have] the burden of showing that [they] [have] been finally deprived by the commission of the use of [their] property. . . . As a threshold matter, the plaintiff[s] thus bear the difficult burden of proving that the commission will not allow any reasonable use of [their] property." (Citations omitted.) DeBeradinis v. Zoning Commission, 228 Conn. 187,197, 635 A.2d 1220 (1994).
In the present case, the plaintiffs have submitted no evidence showing that the PZC will not allow any reasonable use of their property. Furthermore, the record shows that a bank is currently operating on the plaintiffs' property. (ROR, Item 12, p. 8.) Therefore, it is found that since the plaintiffs have not sustained their burden of proving that the PZC deprived them of all reasonable use of their property, the court declines further review of the takings claim.
Since the decision of the PZC to deny the plaintiffs' application for a zone change was supported by the record and since it constitutes neither "spot zoning" nor a taking without CT Page 11134-G compensation, the plaintiffs' appeal is dismissed.
KARAZIN, J.