[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I
PROCEDURAL HISTORY
On May 11, 1993 Stephen J. Delmonico, Jr., Kathryn Delmonico, and Charles Pace, the plaintiffs, made application to the Zoning Commission for the town of Waterbury, the defendant, seeking a zone change for their single family residence at 3280 East Main Street from the existing R. L. (low density residential) designation to a C. N. (neighborhood shopping district) designation.
On August 18, 1993 a public hearing was held on said application and, on October 20, 1993, the application was denied by a unanimous vote of the defendant commission.
On November 5, 1993 this appeal to the superior court followed and was heard on January 18, 1995.
 II
FACTUAL BACKGROUND
At the public hearing, on August 18, 1993, the plaintiffs, through counsel, explained that its purpose in seeking a zone CT Page 1176 change to a C. N. designation was to be able to provide goods and services to meet the needs of the growing residential population in the immediate area of the plaintiffs' property. The plaintiffs noted the substantial changes in the area over the years from various designations to primarily R. M. (moderate density residual) zoning to accommodate the condominium and apartment complexes, the presence of some commercial usages within and around the area, and the relative isolation of its property as a single family residence. In short, the plaintiffs claimed that a C. N. designation would be more suitable to the area given the changes that had taken place over the years.(Record, Exh. N, pp. 5-8).
Three area residents then spoke in support of the plaintiffs' position as stated. (Record, Exh. N, pp. 8-9).
Five area residents then spoke in opposition to the application noting, among other things, the desire to maintain the area as a residential neighborhood; that such a zone change would constitute "spot zoning;" that the City Plan Commission opposed the application; and the availability of "commercial services" a relative short distance from the neighborhood.(Record, Exh. N, pp. 9-14).
On October 20, 1993 the defendant commission, through the five (5) members in attendance, unanimously denied the application. The only discussion involved commissioner Zailckas who was supported in his opinion by commissioner Goldberg.(Record, Exh. Q, pp. 1, 32-33).
Commissioner Zailckas expressed his displeasure with the Corporation Counsel's Office for its failure to provide the research on "spot zoning" which that office had offered to provide, apparently unsolicited, and which had resulted in a delay in the proceedings relative to the plaintiffs' application. (Record, Exh. Q, p. 32).
Commissioner Zailckas then expressed the opinion that The Comprehensive Plan for the city was "seriously outdated" and that the review process should be begun. In this regard he stated, further, that ". . . I also think that's something thats acting against the applicants' interests because while the City Plan Commission made a decision and recommendation, which may be correct, but its not in conformance with the Comprehensive Plan, I'm not so sure that that Comprehensive Plan is in conformance CT Page 1177 with what is reality in the City of Waterbury." He stated that the review process should be begun ". . . to prevent this kind of unfairness or possible unfairness to applicants." His vote to deny the application was ". . . strongly influenced by the fact that it is found to be not in harmony with the Comprehensive Plan by the City Plan Commission and I feel bound by their recommendation." (Record, Exh. Q, p. 33).
The City Plan Commission had recommended that the application of the plaintiffs be denied on June 16, 1993, because "the change would constitute spot zoning beneficial to an individual property owner and contrary to the adopted plan of development." (Record, Exh. F; Exh. K, pp. 4-5).
Based on the record, the plaintiffs claim that the defendant's denial of their application for a zoning change, despite; the substantial alteration of the area surrounding the plaintiffs' property; commissioner Zailckas' comments regarding the unfair use of an outdated comprehensive plan as a standard; and the absence of research material regarding "spot zoning" expected from the Corporation Counsel, constituted an unreasonable and arbitrary decision, and an abuse of discretion.
Additionally, in argument before the court, the plaintiffs' claim that the defendant failed to articulate its reasons for the denial as required by law, and, in its legislative capacity, failed to "mitigate the unfairness" reflected in the record.
Defendant contends that its decision was reasonably based upon its adherence to the City Comprehensive Plan and well supported by the record. Defendant, further, denies that its decision was either arbitrary or an abuse of discretion.
 III
APPLICATION OF LAW
Aggrievement, in this case, is established in the pleadings by the plaintiffs' allegation of ownership as to the property in question and the defendant's admission as to the same. That is, the defendant admits the underlying facts that constitute aggrievement. Hughes v. Town Planning and Zoning Commission,156 Conn. 505, 507, 509 (1968).
In situations involving a decision by a zoning commission CT Page 1178 upon an application for a change of zone, the commission acts in its legislative capacity. Conclusions reached by the commission acting in this capacity must be upheld by the court if reasonably supported by the record. If supported by the record, a trial court cannot substitute its own conclusions for those of the commission. Burnham v. Planning and Zoning Commission,189 Conn. 261, 265 (1983).
The record, in this case, includes substantial evidence offered by the plaintiffs in support of its application and substantial evidence offered in opposition to the application, including the comments of area residents on the subject of "spot zoning," as well as the recommendation of the City Plan Commission that the petition be denied on the basis of "spot zoning."
"Spot zoning" occurs where a zone change concerns a small area of land and is not in harmony with the comprehensive plan for zoning adopted to serve the needs of the community as a whole. Zoning decisions that constituted "spot zoning" have consistently been invalidated by our courts. Michael v.Planning and Zoning Commission, 28 Conn. App. 314, 319 (1992).
In the case at bar, plaintiffs' petition concerned a small area of land in an almost exclusively residential area. (SeePre-trial Brief of Plaintiffs, Exh. A). Clearly, under the circumstances, the denial of plaintiffs' application could be based on the resident's concerns regarding "spot zoning" and the recommendation of the City Plan Commission. In fact, the plaintiffs do not claim that there is no support in the record for a denial on the basis of "spot zoning."
Though this court agrees with the plaintiffs that the defendant commission, as a body, failed to articulate the reasons for its denial of the zone change, it does not agree that such an articulation was required as a matter of law.Section 8-3 of the General Statutes which relates specifically to zoning changes, requires the commission to state its reasons for a zoning change, but is silent with respect to a denial. See Calandro v. Zoning Commission, 176 Conn. 439, 441 (1979).
Even where the commission fails to give reasons for a zoning change as required by Section 8-3 its action is not void; rather, the court is then required to search the record to see if there is a valid reason for the zone changed. MorningsideAssociation v. Planning and Zoning Board, 162 Conn. 154, 156-157CT Page 1179(1972).
Plaintiffs' claim that the failure of the defendant to await the research of the Corporation Counsel before rendering a decision resulted in an unreasonable and arbitrary decision, is without merit. There is no indication on the record that the defendant commission or any of its members ever requested the research in question. It appears from the record that the Corporation Counsel, itself, requested the opportunity to provide the research, resulting in a temporary tabling of further discussion on the plaintiffs' application. (Record,Exh. O, pp. 5-6). More importantly, there is no basis to believe that the defendant's decision would have been different, or that the plaintiffs were prejudiced to any degree by defendant's actions in the absence of the research. As previously noted, the defendant's decision was consistent with legal principles regarding the elements of "spot zoning" and its invalidity.
Plaintiffs' claim of arbitrariness based on the comments attributed to commissioners Zailckas and Goldberg is equally without merit. The comments could not, fairly, be attributed to the commission as a whole, since three of the commissioners present voiced no opinion on the subject matter. Furthermore, the comments could reasonably be interpreted as constituting a general statement about the need for a review regarding, in commissioner Zailckas' view, an outdated comprehensive plan, in order to avoid possible unfairness to future applicants. Commissioner Zailckas does not suggest that the defendant would be acting incorrectly or unfairly with respect to the plaintiffs' specific application if it denied the application. In fact, the commissioner voted to deny the application, and clearly indicated that he was "strongly influenced" by the recommendation of the City Plan Commission; a legitimate basis for denial.
The ultimate vote of the defendant commission was unanimous and supported by substantial evidence in the record, despite the legitimate concerns expressed by commissioner Zailckas.
 IV
CONCLUSION
Based on the foregoing, this court finds that the decision of the defendant commission was supported by the record and not, otherwise, unreasonable, arbitrary, or an abuse of discretion. Plaintiffs' appeal is, therefore, dismissed.
FASANO, J. CT Page 1180